**FILED**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

I 2009 APR -2 I A II: 59

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

### CIVIL RIGHTS COMPLAINT FORM

Andrew Vicks, Jr.

DC# X14064

CASE NUMBER: 3:09-cv-300-J-25 JRK
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

Jury Trial Demanded

v.

Officer Joseph Chauncey

Officer    Lang

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right). _____/

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.   PLACE OF PRESENT CONFINEMENT: Union Correctional
         (Indicate the name and location)

Institution • Raiford, Florida

II.   DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following
questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803'Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1.  Informal Grievance (Form DC3-005)
2.  Formal Grievance (Form DC1-303)
3.  Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.  Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

3.  Were you denied emergency status? Yes ( ) No (✓)

a.  If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.  Informal Grievance (Request for Interview)

1.  Did you submit an informal grievance (Form DC3-005)? Yes ( ✓ ) No ( )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.  Formal Grievance (Request for Administrative Remedy or Appeal)

1.  Did you have a disciplinary hearing concerning this matter? Yes ( ✓ ) No ( )

2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3.  Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( ✓ )

4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.  Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
    Yes ( ) No ( ✓ )

2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _20th_ day of _march_____ , 2 _009___ .

_____ #A-X14664
Signature of Plaintiff

III.   DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes ( ) No (✕)

If your answer is YES, answer the following questions.

A.  Is there a grievance procedure at your institution or jail?  Yes ( ) No ( )

B.  Did you present the facts relating to your Complaint in the grievance procedure?  Yes ( ) No ( )

C.  If your answer is YES:

    1.  What steps did you take? _____

    _____

    2.  What were the results? _____

    _____

    3.  To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.  If your answer is NO, explain why not: _____

_____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _26th_ day of _March_ , 2 _009_ .

_Andrew L_ #A-X14064
Signature of Plaintiff

DC 225 (Rev. 9/03)

4

IV.   PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B.   Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): ANDREW VICKS, JR.

Defendant(s): OFFICER RICHARD KNIGHT, SERGEANT ROBERT ANDREWS

2.   Court (if federal court, name the district; if state court, name the county):

MIDDLE DISTRICT

3.   Docket Number: 3:07-CV-1182-J-32 MCR

4.   Name of judge: HONORABLE MONTE C. RICHARDSON

5.   Briefly describe the facts and basis of the lawsuit: EXCESSIVE USE OF FORCE IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

PENDING

7.   Approximate filing date: JANUARY 7, 2008

8.   Approximate disposition date: N\A

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____

_____

_____

_____

_____

V.   **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: ANDREW VICKS, JR.

Mailing address: UNION CORRECTIONAL INSTITUTION •

7819 NW 228TH STREET • RAIFORD, FLORIDA 32026

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the **<u>full name</u>** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant:           JOSEPH CHAUNCEY

Mailing Address: 7819 NW 228TH STREET • RAIFORD, ~~Gadsden~~

FLORIDA 32026

Position:        CORRECTIONAL OFFICER

Employed at:     FLORIDA STATE PRISON

D.   Defendant:               LANG

Mailing Address: 7819 NW 228TH STREET • RAIFORD,

FLORIDA 32026

Position:        CORRECTIONAL OFFICER

Employed at:     FLORIDA STATE PRISON

E.  Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

F.  Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

G.  Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

VI.   **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

1. The action of Defendant Chauncey in using physical force against the plaintiff without need or provocation, were done maliciously and sadistically and Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution. He is sued in his individual Capacity.

VII.   **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

On 12-16-08 at approximately 10:35 a.m., while in Group on Dealla Wing I advised the Group Leader that I was having problems and I wanted to declare a Psychological Emergency, which he Called in So after Group had ended I was placed back in my Cell #1107 Dealla. Around or about 10:43 a.m., Officer Lang and Officer Chauncey came to my Cell to pull me to see Psy. Spec. Dahlmen on the wing. Officer Lang placed a pair of handcuffs on my

VI. STATEMENT OF CLAIM, Continued:

2. The action of Defendant Chauncey in retaliating against the plaintiff for filing a Civil Complaint with the Court violated his rights under the First Amendment of the United States Constitution.

3. The failure of Defendant Lang to intervene to prevent the misuse of force against plaintiff, were done maliciously and sadistically, constituted deliberate indifference in violation of the Eighth Amendment of the United States Constitution. He is sued in his individual capacity.

4. The defendants herein has and continue to act under Color of State Law at all times relevant to this Complaint.

(8 A)

Statement of Facts, continued:

Wrists through the flap, then ordered me to go kneel on my bunk to which I complied. At this time my cell door was opened and Officer Lang came into my cell to place the rest of the waist and leg restraints on me while Officer Chauncey stood in the door way while Officer Lang put the leg restraints on me first. After this was completed, Officer Chauncey then stepped into my cell and stated "You the one with the lawsuit against Sergeants Andrews and Knight?" I then replied, "It's none of your business." At that time, Officer Chauncey pushed and slapped me on the left side of my face with his open left hand. I then told him I was going to write him up if he touched me again. At this time, he swung to slap me again but I moved my face and he ended up hitting me on my ear and left side of my head with his left hand. Officer Chauncey then stated "I don't care who you write asshole." He then stated "You're going to get it when you come out this cell for writing that damn lawsuit. I was then allowed to stand up so Officer Lang could finish putting the chain around my waist connected to the handcuffs

VII. STATEMENT OF FACTS, Continued:

and black box that were already on my wrists. After this was completed, Officer Chauncey then pushed me in my chest as I tryed to exit my cell so I stop trying to walk, At which time Officer Chauncey then ordered me to walk so as I attempted to walk again, Officer Chauncey turned around and pushed me real hard in my chest knocking me back into Officer Lang who was still standing behind me. Officer Chauncey then exit the cell and allowed me to walk out followed by Officer Lang. (Note) At no time while Officer Chauncey assaulted me did Officer Lang attempt to verbally or physically intervene even though he knew that Officer Chauncey actions were straight out reprisal due to my pending Lawsuit, and were wantonly subjecting me to a Substantial risk of Serious harm. Officer Lang failed to respond reasonably to stop Officer Chauncey. Instead Officer Lang merely stood there as his Co-Worker assaulted me while I was in full restraints. A few inmates who are housed directly in front of me witnessed this incident occurred and are willing to come forward to make a statement to what they saw. I made it to the Quarter Deck without anymore problems. At this time, Psych. Spec. Dahlmen was waiting at the desk. He then followed Officer Lang

( 9 A )

VII. STATEMENT OF FACTS, Continued:

as we were escorted to the dayroom with Officer Chauncey bringing up the rear. Upon entering the Dayroom I walked to the far side and remained standing against the wall as Mr. Dahlmen took a seat facing me. Officer Lang then closed the door and left. Officer Chauncey stayed outside the door and watched us. I then explained my problems to Mr. Dahlmen and told him about Officer Chauncey assaulting me prior to me coming to see him. We talked for about 5 minutes at which time I saw he was not trying to help me concerning my problems, so around or about 10:56 a.m., Mr. Dahlmen exited the Dayroom and proceeded back to the Quarter Deck. At this time, Officer Chauncey entered the dayroom and for no reason at all turned around and stuck his head out the door and yelled to the other 2 Officers, "Vicks" say he refusing to come out. When suddenly Officer Chauncey pushed me and placed me in a headlock type hold and threw me to the floor and began maliciously and sadistically punching me (with clenched fist) in the face, head and also my back while I was trying to put my head under the bench. Officer Chauncey pulled me back from under the bench then stood up and began to savagely

( 9 B )

VII. STATEMENT OF FACTS, Continued:

Kick me in my head as I was trying to scoot my head back under the bench, but to no avail was I able to position my head under the bench again. Instead I was force to curl into a fetal position while yelling for help as Officer Chauncey Continued to Savagely Kick me till I passed out. When I Came to the white Shirts (Captain and Lieutenants) were all around me, trying to assist me Standing up but to no avail. They then were able to pull me up and help me sit on the bench in the Very back as they waited for Medical to send a wheel Chair. After a while I informed them in front of the hand held Camera that I been attacked by Officer Chauncey out of reprisal and no reason at all. I then Stated that I didn't need a wheel Chair anymore just loosing up the leg restraints and I would try to walk on my own and I wasn't worried about my face, it was just my head that was really hurting. Then they escorted me to Medical. After arriving to Medical, the Nurses examined and documented the bleeding from my nose and above my left eye and also the Swelling of Numerous Knots on my head. Immediately the Doctor Came and examined my face and head. (NOTE) All this was done in the present of the hand held Video Camera

( 9 c )

VII. STATEMENT OF FACTS, Continued:

So it's a Tape for the record. After the Doctor was done, he informed the Captain that he was sending me to R.M.C. for face & head X-rays. At this time, the Nurses Stitched the two gashes above my left eye closed and cleaned all the blood from my face and nose. Furthermore, what Officer Chauncey did to me out of reprisal due to my pending Lawsuit was uncalled for. My Eighth Amendment was violated by this act of Cruel and Unusual Punishment, which is prohibit. And the facts are lies and fraud were use to justify the use of force. Correctional Officers do not have the rights to beat you or harm you unless their actions is Considered reasonable given the Situation. For Goodsake, I was already in full restraints (incapacitated) with my hands behind my back So there was no Logical reason for Officer Chauncey to Assault me the way he did other than pure Retaliation due to my pending Lawsuit against his friends.

During these events, I Sustained a Concussion, two Laceration above my left eye, blooded nose and extreme pain in my Lower back as a result of the excessive use of force.

( 9 D )

VII. STATEMENT OF FACTS, Continued:

During these events, I did not break any prison rule to receive such Cruel and Unusual Punishment.

Pursuant to prison procedure, I filed a Informal Grievance against Officers Chauncey and Lang alleging the facts herein and the Grievance was not responded to or returned.

Then, I filed a Formal Grievance with the Prison's 1st Warden, pointing out that I was physical abused by Officer Chauncey while Officer Lang stood by and watched without intervening.

The Warden Approved the Grievance.

On December 16, 2008, Subsequent the misuse of force, I was transported to Lake Butler Regional Medical Center where I was examined by Medical Personnels in which X-rays was taken of my face and head and documented in my Medical Files.

Since the occurence of the excessive force, the Plaintiff has submitted numerous Inmate Sick Call Request complaining of Migraine Headaches and Dizzy Spells to Medical Department and no treatment has been provided to plaintiff as of this date.

On February 23, 2009 at approximately 9:45 a.m., plaintiff was interviewed by Inspector Fish from Florida State Prison and Plaintiff gave a Sworn Statement of the incident occurred on December 16, 2008.

( 9E )

VIII.   <u>RELIEF REQUESTED</u>:   State briefly what you want the Court to do for you.  Again, do not
make any legal arguments or cite any cases or statutes.

WHEREFORE, plaintiff requests that the Court grant
the following relief :

A. Issue a declaratory judgment stating that :

1. The physical abuse of the plaintiff by defendant
Chauncey violated the plaintiff's rights under the
Eighth Amendment to the United States Constitution,

2. Defendan Lang    failure to intervene to prevent

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.**

Signed this 20ᵗʰ day of March , 2009 .

Andrew C. #A-X14064

_____

_____

_____

(Signatures of all Plaintiffs)

VIII. RELIEF REQUESTED, Continued.

the physical abuse of the plaintiff violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.

3. Defendant Chauncey's actions in retaliating against the plaintiff violated the plaintiff's rights under the First Amendment to the United States Constitution.

B. Award Compensatory damages in the following amounts:

1. $100,000 against defendant Chauncey for the physical and emotional injuries sustained as a result of the plaintiff's beating.

2. $50,000 against defendant Lang for the physical and emotional injury resulting from his failure to intervene to prevent the plaintiff's beating.

3. $50,000 against defendant Chauncey for the physical and emotional injury resulting from retaliating against the plaintiff.

C. Award Punitive damages in the following amounts:

1. $20,000 against defendant Chauncey;

2. $10,000 against defendant Lang.

D. Grant such other relief as it may appear that plaintiff is entitled.

Date: March 20th, 2009

/S/ Inozeus Vicks, Jr.
DC# X-X14064   Loc. 02-112
Union Correctional Institution
7819 NW 228 th Street
Raiford, Florida 32026
Pro Se.

( 10 A )

STATE ... IDA
DEPARTMENT ... RRECTIONS

**REQUEST FOR ADMI ... IVE REMEDY OR APPEAL**

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From: Vicks, Andrew Jr.    Q-X14064    F.S.P. Main Unit
     Last    First    Middle Initial      Number      Institution

---

**Part A – Inmate Grievance**

I Am Respectfully submitting this formal Grievance, Due to the fact the 10 Day Have expired on the Informal Grievances that I sent to the Ass. Warden Mr. Polk, And Colonel Tomlinson., there for Per. 33-103.11(A) I Am entitled to Precede to the next level of the Grievance Procedure., this formal Is As follow: In Regard to to Assault that Happen to me All In Reprisal Due to my Pending Law suite ..., on 12-16-08 At Approximately 10:35 a.m. While In Group on Deal Wing I Advised the Group Leader that I was Having Problems And I wanted to Declare A Psychological Emergency, Which He Called In, So After Group Had ended I was Placed Back In my Cell #1107 Deal, At About 10:43 a.m. Officer Lang And Officer Chauncey Came to my Cell to Pull me to see Psy. Spec. Dahlman on the Wing. Officer Lang Placed A Pair of Handcuffs on my wrist through the flap then Order me to Go Kneel on my Bunk to which I Complied, At this time my cell Door was opened And Officer Lang Came Into my Cell to Place the Rest of the Waist And Leg Restraints on me, while Officer Chauncey stood In the Door way While Officer Lang Put the Leg Restraints on me first, After this was Completed Officer Chauncey then stepped Into my Cell And stated "You the one With the Lawsuite Against Sergeant. Andrews And Knight", I then Replied It's None of Your Business, At this time Officer Chauncey Rushed At me And slapped me on the left side of my face with His open left Hand, I then told Him I was Going to write Him up If He touches me Again, At this time He swung to slap me Again But I moved my face And He ended up Hitting me on my ear And left side of my Head with His left Hand, Officer Chauncey then stated I Don't care Who You write Asshole, He then stated Your Going to God If when You come out this cell for writing that Damn Lawsuite. I was then Allowed to stand up so Officer Lang could finish Putting the Chain Around my waist Connected to the Handcuffs And Black Box that were Already on my wrist, After this was Completed Officer Chauncey then Push me In my chest As I leaves to exit my Cell as I stop trying to walk, At Which time Officer Chauncey then Order me to

JANUARY 27, 2009    Please See Continuation's
_____      Andrew Vicks #A-X14064
DATE             SIGNATURE OF GRIEVANT AND D.C. #

---

**SEE ATTACHED RESPONSE**

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____
                                                      Signature

10D    0501-706-253    **INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: 1-27-09    Institutional Mailing Log #: _____        _____
           (Date)                                                        (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                   INMATE (2 Copies)             INMATE
                   INMATE'S FILE                INMATE'S FILE - INSTITUTION/FACILITY
                   INSTITUTIONAL GRIEVANCE FILE      CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

## Continuation of Formal Grievance:

Walk so as I Attempted to Walk Again Officer Chauncey Turned Around and Pushed me Real Hard In my chest knocking me Back Into Officer Lang who was still Standing Behind me, Officer Chauncey then exit the Cell and Allowed me to walk out followed By Officer Lang (Note) At No time while Officer Chauncey Assaulted me Did Officer Lang Attempt to Verbally or Physically Intervene even though He knew that Officer Chauncey Actions were Straight out Reprisal Due to my Persuing Lawsuits, And were Wantonly Subjecting me to A Substantial Risk of Serious Harm, Officer Lang Still failed to Respond Reasonably to Stop Officer Chauncey. Instead Officer Lang merely Stood there As His Co-Worker Assaulted me while I was full Restraints .. A few Inmates who Are Housed Directly In front of me witnessed this Incident occur And Are willing to come forward to make A statement to what they Saw. I made it to the Quarter Deck without Anymore Problems, At this time Psych. Spec. Dahlmen was working At the Desk, He then followed Officer Lang As we were escorted to the Dayroom with Officer Chauncey Bringing up the Rear. Upon entering the Dayroom I walked to the far Side And Remained Standing Against the Wall As Mr. Dahlmen took A seat facing me, Officer Lang then closes the Door And Left. Officer Chauncey Stayed outside the Door And watches us, I then explained my Problems to mr. Dahlmen And told Him About Officer Chauncey Assaulting me Prior to me coming to See Him, We talked for About 5-minutes At which time I saw He was Not trying to Help me concerning my Problems, So Around or About 10:56 A.m. mr. Dahlmen exites the Dayroom And Preceeded Back to the Quarter Deck, At this time Officer Chauncey entered the Dayroom And for no Reason At All turned Around And stuck His Head out the Door And Yelled to the other 2 Officers "Kicks', say He's Refusing to come out'. when Suddenly Officer Chauncey Pushes me And Placed me In A Headlock type Hold And threw me to the floor And Began Maliciously And sadistically Punching me (with clenched fists) In the face, Head And Also my Back while I was trying to Put my Head Under the Bench. Officer Chauncey Pulled Back from Under the Bench then Stood up And Began to Savagely kick me In my Head As I was trying to scoot my Head Back Under the Bench, But to No Avail was I Able to Position my Head Under the Bench Again, Instead I was forced to Curl Into A fetal Position while Yelling for Help As Officer Chauncey Continued to Savagely Kick me till I Passed out, when I came to the White shirts (Captain And Lieutenant were All Around me And trying to Assist me to Standing up But to no Avail, they then

Please See Continuation:

## Continuation of Formal Grievance:

Were able to pull me up and help me sit on the bench in the very back, as they waited for medical to send a wheel chair. After a while I informed them instead of the hand held camera that I had been attacked by Officer Chauncey out of reprisal and no reason at all.., I then stated that I didn't need a wheel chair anymore just loosing up the leg restraints and I would try to walk on my own, and I wasn't worried about my face it was just my head that was really hurting! They then escorted me to medical.., After arriving to medical, the nurses examined and documented the bleeding from my nose, and above my left eye, and also the swelling of numerous knots on my head, immediately the doctor came and examined my face and head, (Note) All this was did in the present of the hand held video camera, so it's a tape for the record.) After the doctor was done he informed the captain that he was sending me to R.M.C. for face & head X-rays', At this time the nurses stitched the two gashes above my left eye closed and cleaned all the blood from my face and nose.., furthermore what Officer Chauncey did to me, out of reprisal due to my pending lawsuite was uncalled for. my 8th Amendment was violated by this act of cruel and unusual punishment which is prohibit. And the facts are lies and fraud were use to justify the use of force! Correctional Officers do not have the rights to beat you or harm you unless their actions is considered reasonable given the situation.., for goodsake I was already in full restraints with my hands behind my back so there was no logical reason for Officer Chauncey to assult me the way he did other then pure retaliation due to my pending lawsuite against his "friends". Relife Sought: Is to have this incident investigated by the Institution Inspector and have all my witness interviewed, and to have Officer Chauncey to stay away from me!

Respectfully,
Andrew Lee #A-X14064

Date: January 27, 2009

**PART B - RESPONSE**

| VICKS, ANDREW | X14064 | 0901-205-253 | FLORIDA STATE PRISON | B1127S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

As action has been initiated, you may consider your request for administrative remedy approved from that standpoint.

D. Worthington

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 2/10/09 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding



MAILED
FEB 1 1 2009
FSP GRIEVANCE OFF

```
                  FLORIDA DEPARTMENT OF CORRECTIONS          12/17/2008
ISSO150 (01)            CHARGING DISCIPLINARY REPORT                      PAGE:      1
                          LOG # 205-082421
```
-------------------------------------------------------------------------------
```
DC#: X14064   INMATE NAME: VICKS, ANDREW J. J.            INFRACTION
VIOLATION CODE:  0061    TITLE: DISOBEYING ORDER          DATE: 12/16/08
FACILITY CODE:  205      NAME:  FLORIDA STATE PRISON      TIME: 10:57
```
-------------------------------------------------------------------------------

I.   STATEMENT OF FACTS
     INMATE VICKS, ANDREW IS BEING CHARGED WITH 6-1 DISOBEYING
     ORDER, RULE OF PROHIBITED CONDUCT 33-601.314. AT APPROX.
     10:57 AM ON 12-16-08, WHILE ASSIGNED AS D-WING HOUSING
     OFFICER, I WAS OBSERVING A MENTAL HEALTH SESSION FOR INMATE
     VICKS, ANDREW #X14064, B/M, HOUSED AT D-1107S. AT THE
     CONCLUSION OF THE MENTAL HEALTH SESSION I ENTERED THE
     DAYROOM AND ORDERED INMATE VICKS TO RETURN TO HIS ASSIGNED
     CELL, TO WHICH HE REFUSED. THE SHIFT OIC WAS NOTIFIED AND
     ADVISED ME TO FOLLOW THROUGH WITH THIS FORMAL DISCIPLINARY
     REPORT AS PROVIDED IN SECTION 33-601.304 F.A.C.


     REPORT WRITTEN: 12/16/08, AT 11:30   OFFICER: CHAUN - CHAUNCEY,JOSEPH
-------------------------------------------------------------------------------

II.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _12/1 8/08_, AT _2:00 p_

          NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
          EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
          NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
          33-601, FLORIDA ADMINISTRATIVE CODE.

                    DELIVERED BY : _____ - _____ _JcBell  Rx_____
-------------------------------------------------------------------------------

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:
-------------------------------------------------------------------------------

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.
-------------------------------------------------------------------------------

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.
-------------------------------------------------------------------------------

```
                    FLORIDA DEPARTMENT OF CORRECTIONS        12/17/2008
ISSO150 (01)          CHARGING DISCIPLINARY REPORT                          PAGE:    1
                          LOG # 205-082420
--------------------------------------------------------------------------------
DC#: X14064   INMATE NAME: VICKS, ANDREW J. J.          INFRACTION
VIOLATION CODE:  0115   TITLE: BATTERY/ATT/CO           DATE: 12/16/08
FACILITY CODE:  205      NAME:  FLORIDA STATE PRISON    TIME: 10:57
--------------------------------------------------------------------------------
```

I.  STATEMENT OF FACTS

   INMATE VICKS, ANDREW IS BEING CHARGED WITH 1-15 ATTEMPTED
   BATTERY ON C.O., RULE OF PROHIBITED CONDUCT 33-601.314. AT
   APPROX. 10:57 AM ON 12-16-08, WHILE ASSIGNED AS D-WING
   HOUSING OFFICER, I WAS OBSERVING A MENTAL HEALTH CALL OUT
   FOR INMATE VICKS, ANDREW #X14064, B/M, HOUSED AT D-1107S. AT
   THE CONCLUSION OF THE CALL OUT PSYCH. SPEC. DAHLMEN EXITED
   TEH DAYROOM AND I ENTERED AND ORDERED INMATE VICKS TO RETURN
   TO HIS ASSIGNED CELL, TO WHICH HE REFUSED TO COMPLY. I THEN
   PLACED MY LEFT HAND ON HIS RIGHT ARM TO ESCORT HIM BACK TO
   HIS CELL. INMATE VICKS THEN SNATCHED HIS ARM AWAY FROM ME
   AND LUNGED TOWARDS ME TRYING TO STRIKE ME WITH HIS HEAD.
   THE SHIFT OIC WAS NOTIFIED AND ADVISED ME TO FOLLOW THROUGH
   WITH THIS FORMAL DISCIPLINARY REPORT AS PROVIDED IN SECTION
   33-601.304 F.A.C.


REPORT WRITTEN: 12/16/08, AT 12:30   OFFICER: CHAIN - CHAUNCEY,JOSEPH

II.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: _12/18/08_ AT _1 55 p.m._

       NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
       EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
       NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
       33-601, FLORIDA ADMINISTRATIVE CODE.

              DELIVERED BY : _____ - _J chell g._

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

```
                    FLORIDA DEPARTMENT OF CORRECTIONS          12/24/08
ISSO158 (14)             DISCIPLINARY REPORT                   PAGE   1
                        HEARING INFORMATION
                         LOG # 205-082420
-------------------------------------------------------------------------------
DC#: X14064   INMATE NAME: VICKS, ANDREW J. J.           D1107S INFRACTION
VIOLATION CODE:  0115   TITLE: BATTERY/ATT/CO            DATE: 12/16/08
FACILITY CODE:  205     NAME:  FLORIDA STATE PRISON      TIME: 10:57
-------------------------------------------------------------------------------
         TEAM   FINDINGS AND ACTION   DATE: 12/24/08, AT: 05:10
      INMATE OFFERED STAFF ASSISTANCE: DECLINED
      INMATE PLEA: NO PLEA        FINDINGS: GUILTY
      INMATE PRESENT: REFUSED TO APPEAR
   POSTPONEMENT:
   BASIS FOR DECISION:
      BASED ON THE OFFICER'S STATEMENT THAT WILE ATTEMPTING TO
      ESCORT THE INMATE BACK TO HIS CELL FROM MENTAL HEALTH GROUP
      THE INMATE WAS REFUSING TO GO BACK TO HIS CELL. WHEN THE
      OFFICER PLACED HIS LEFT HAND ON THE INMATE'S RIGHT ARM TO
      ESCORT HIM, THE INMATE SNATCHED HIS ARM AWAY AND TRIED TO
      STRIKE THE OFFICER WITH HIS HEAD. THE INMATE REFUSED TO
      APPEAR AT THE DR HEARING AND REFUSED TO SIGN THE DC6-112D.
      ALL STATEMENTS WERE REVIEWED AND CONSIDERED.

   ACTIONS TAKEN:
    DISCIPLINARY CONFINEMENT:  60; PROBATION DAYS SET:   0 CONSECUTIVE

    RESTITUTION:      $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

    TEAM CHAIRMAN:   PJD15 - POWELL, JAMES D.
    TEAM MEMBERS:    BF000 - BARFIELD, KEVIN              -
-------------------------------------------------------------------------------
-------------------------------------------------------------------------------
```

FLORIDA DEPARTMENT OF CORRECTIONS
ISSO158 (14)                DISCIPLINARY REPORT
                            HEARING INFORMATION
                            LOG # 205-082421
------------------------------------------------------------------------
DC#: X14064    INMATE NAME: VICKS, ANDREW J. J.           D1107S INFP
VIOLATION CODE:  0061    TITLE: DISOBEYING ORDER                  DATE
FACILITY CODE:   205     NAME:  FLORIDA STATE PRISON             TIME
------------------------------------------------------------------------
        TEAM    FINDINGS AND ACTION    DATE: 12/24/08, AT: 05:15
        INMATE OFFERED STAFF ASSISTANCE: DECLINED
        INMATE PLEA: NO PLEA      FINDINGS: GUILTY
        INMATE PRESENT: REFUSED TO APPEAR
  POSTPONEMENT:
  BASIS FOR DECISION:
        BASED ON THE OFFICER'S STATEMENT THAT THE INMATE REFUSED TO
        COMPLY WITH ORDERS TO RETURN TO HIS CELL FROM THE MENTAL
        HEALTH GROUP MEETING. THE INMATE REFUSED TO APPEAR AT THE DR
        HEARING AND REFUSED TO SIGN THE DC6-112D. ALL STATEMENTS
        WERE REVIEWED AND CO NSIDERED.

  ACTIONS TAKEN:
  DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS ʳ     ᴐ CONSECUTIVE

  RFSTITUTION:        $.00; INDIV.REV                   ᐧ ᑕONTRAB

        ᴺ:                          ᴣ