```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 JACKSONVILLE DIVISION
```

ANDREW VICKS, JR.,

        Plaintiff,

v.                              Case No. 3:09-cv-300-J-25JRK

OFFICER JOSEPH CHAUNCEY,
et al.,

        Defendants.

## ORDER

### I. Status

Plaintiff Andrew Vicks, Jr., who is proceeding pro se and in forma pauperis, initiated this case by filing a Civil Rights Complaint (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on April 2, 2009. In the Complaint, Plaintiff names the following individuals, in their individual capacities, as the Defendants: (1) Officer Joseph Chauncey, and (2) Officer Lang. Plaintiff claims he was subjected to excessive force by Officer Chauncey, and Officer Lang failed to intervene. He asserts that these events occurred at Florida State Prison (hereinafter FSP) on December 16, 2008, in violation of the Eighth Amendment of the United States Constitution. Additionally, Plaintiff claims that Defendant Chauncey retaliated against him for filing a lawsuit against other officers, a First Amendment violation. As relief, Plaintiff seeks compensatory and punitive damages and a declaratory judgment that the officers violated his constitutional rights.

Defendants Chauncey and Lang's Motion for Summary Judgment (Docs. #18 & #19) (duplicate filings) (hereinafter Motion for Summary Judgment) were filed on April 19, 2010 and April 21, 2010, respectively. Since Plaintiff is appearing pro se, the Court previously advised him of the provisions of Fed. R. Civ. P. 56, notified him that the granting of a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter and gave him an opportunity to respond. See Court's Orders of Special Appointment; Service of Process Upon Defendants; Notice to Plaintiff (Doc. #7), filed June 4, 2009. In response, Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment (Doc. #24) and Appendix of Exhibits (Doc. #25).

## II. The Complaint

Plaintiff alleges that, on December 16, 2008, while confined at FSP, he declared a psychological emergency during a group session and was placed back in his cell. Complaint at 8. Shortly thereafter, Officers Lang and Chauncey arrived at Plaintiff's cell to escort him to the Psychological Specialist. Id. Officer Lang placed handcuffs on Plaintiff's hands through a flap and ordered him to kneel on his bunk. Id. at 8-9. Plaintiff did so. Id. at 9. The cell door was opened, and Officer Lang entered the cell and placed waist and leg chains on Plaintiff. Id. Officer Chauncey stood in the doorway. Id.

After Plaintiff was restrained, Officer Chauncey entered the cell and asked Plaintiff if he had a lawsuit against Sergeants Andrews and Knight. Id. Plaintiff responded that it was none of Officer Chauncey's business. Id. Officer Chauncey pushed and slapped Plaintiff on the left side of his face with an open left hand. Id. Plaintiff said he was going to write Chauncey up if he touched him again. Id. Chauncey reached to slap Plaintiff again, but Plaintiff moved, and Chauncey hit Plaintiff on his left ear with his left hand. Id. Officer Chauncey then threatened to get Plaintiff for writing the lawsuit. Id.

Plaintiff was allowed to stand so that Officer Lang could put the chain around his waist and connect it to the handcuffs and black box. Id. at 9-9A. Officer Chauncey pushed Plaintiff in the chest as he tried to exit the cell. Id. at 9A. Officer Chauncey ordered Plaintiff to walk, and Plaintiff tried to walk, but Officer Chauncey pushed Plaintiff on his chest, knocking him back into Officer Lang. Id. Chauncey exited the cell. Id. Plaintiff exited the cell, followed by Officer Lang. Id. Officer Lang did not verbally or physically intervene. Id.

After Plaintiff saw the Psychological Specialist, Officer Chauncey entered the dayroom and yelled out that Plaintiff was refusing to come out. Id. at 9B. Chauncey suddenly pushed Plaintiff, placed him in a headlock-type hold, and threw him to the floor. Id. After Plaintiff was on the floor, Officer Chauncey

3

punched Plaintiff in the face, head and back, while Plaintiff tried to put his head under a bench. Id. Officer Chauncey pulled Plaintiff out from under the bench, stood up and kicked Plaintiff in the head. Id. at 9B-9C. Plaintiff curled into a fetal position and yelled for help. Id. at 9C. Plaintiff was kicked until he passed out. Id. When Plaintiff woke up, he was being assisted by correctional personnel and placed on a bench. Id. He was escorted to medical. Id.

Plaintiff was bleeding from his nose and above his left eye. Id. He had swelling from numerous knots on his head. Id. The doctor examined him in front of the handheld video camera. Id. Plaintiff was sent for face and head x-rays. Id. at 9D. The nurses stitched two gashes above his left eye closed and cleaned the blood from his face and nose. Id. Plaintiff states he had a concussion and extreme pain in his lower back. Id. He complained of migraine headaches and dizzy spells as well. Id. at 9E.

Plaintiff Vicks filed a grievance, which was approved. Inmate Grievance and Response, attached to the Complaint. He received two disciplinary reports on that date, for disobeying an order and for battery or attempted battery on a correctional officer. Charging Disciplinary Reports Dated December 16, 2008, attached to the Complaint. Plaintiff was found guilty of these charges and received disciplinary confinement, but not a loss of gain time.

Disciplinary Report Hearing Information, Log # 205-082420 and Log # 205-082421, attached to the Complaint.

### III. Exhaustion

Exhaustion of available administrative remedies is required before a 42 U.S.C. § 1983 action with respect to prison conditions by a prisoner may be initiated in this Court. The Eleventh Circuit has stated:

> Before considering the merits of this case, we must address a threshold matter. According to 42 U.S.C. § 1997e(a), enacted as part of the Prison Litigation Reform Act (the "PLRA"),
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> The PLRA's effective date was April 26, 1996; because the prisoners filed their complaint after this date, the PLRA applies. Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000). A district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted his administrative remedies. Cf. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). . . .

Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

Plaintiff exhausted his administrative remedies. See Inmate Grievance and Response, attached to the Complaint.

### IV.  Summary Judgment Standard

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Crawford v. Carroll, 529 F.3d 961, 964 (11th. Cir. 2008) (citing Fed. R. Civ. P. 56(c) and Wilson v. B/E/Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004)).

The parties' respective burdens and the Court's responsibilities are outlined as follows:

> The movant bears the responsibility for demonstrating the basis for the summary judgment motion. [Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).] A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. Anderson, 477 U.S. at 247-48, 106 S.Ct. 2505 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 248, 106 S.Ct. 2505).
>
> "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own

> affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324, 106 S.Ct. 2548). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1313-14 (11th Cir. 2007).

"It is true that on a motion for summary judgment, all reasonable inferences must be made in favor of the non-moving party." Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citation omitted). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Id. (citations omitted).

The United States Supreme Court has explained how to determine whether there is a genuine issue for trial.

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue

7

> for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott v. Harris, 550 U.S. 372, 380 (2007).

## **V. Law and Conclusions**

The Eleventh Circuit has set forth the standard for an excessive use of force claim for an inmate:

> In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) (establishing the standard for an Eighth Amendment excessive force claim); see Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the Whitley test in a Fourteenth Amendment excessive force case). If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. See Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give

8

>        equivalent     protections     against     excessive
>        force).  If not, then it does not.

Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam).

Since Plaintiff and Defendants have submitted affidavits which plainly contradict each other's assertions with respect to whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm, the Defendants' Motion for Summary Judgment should be denied with respect to Plaintiff's claims of excessive use of force upon him by Defendant Chauncey and failure to intervene by Defendant Lang.[1]  See the Affidavits attached to the Motion for Summary Judgment (Docs. #18 & #19) (Affidavits of Joseph W. Chauncey, Robert Lang, and Stacy Fish) and the Affidavits in Plaintiff's Appendix of Exhibits (Doc. #25) (Affidavits of Plaintiff, Brandon Golden, and Landrick Chapman).  In reviewing a motion for summary judgment, "[i]f there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor."  Allen v. Board of Public Educ. for Bibb County, 495 F.3d at 1314 (citing Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003)).

---

[1] An officer present at a beating and fails to intervene may be held liable even though he did not administer any blows. Velazquez v. City of Hialeah, 484 F.3d 1340, 1341-42 (11th Cir. 2007) (per curiam).

If Plaintiff's evidence is to be believed, there was no need to apply force and the force was utilized "maliciously and sadistically for the very purpose of causing harm." Cockrell v. Sparks, 510 F.3d at 1311 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). Additionally, if Plaintiff's evidence is to be believed, Defendant Lang's failure to take reasonable steps to shield Plaintiff from Officer Chauncey's repeated blows would constitute failure to protect in violation of the Eighth Amendment. Thus, Defendants' Motion for Summary Judgment will be denied with respect to Plaintiff's Eighth Amendment claim of excessive use of force against Defendant Chauncey and failure to protect claim against Defendant Lang because there are genuine issues of material fact that prevent the entry of summary judgment. In addition, Plaintiff's claim of retaliation against Defendant Chauncey will also survive Defendants' Motion for Summary Judgment. There remain disputed issues of material fact.

Finally, although Defendants claim they are entitled to qualified immunity, "[i]n this Circuit, a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment . . . ." Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002). Plaintiff's assertion of retaliation by Defendant Chauncey is intertwined with the claim of excessive force; therefore, Defendant Chauncey is not entitled to

10

qualified immunity with respect to the retaliation claim.

It is now

**ORDERED AND ADJUDGED:**

1.   Defendants Chauncey and Lang's April 19, 2010 and April 21, 2010, Motions for Summary Judgment (Docs. #18 & #19) (duplicate motions) are **DENIED**.

2.   Defendants shall respond to the Complaint (Doc. #1) within **THIRTY-FIVE (35) DAYS** from the date of this order.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of November, 2010.

HENRY LEE ADAMS, JR.
United States District Judge

sa 11/15
c:
Andrew Vicks, Jr.
Ass't A.G. (Marks)

11